STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO. CV-12-162
162                                               JON - YOR-2/17/2013

LINDA E. DAVISON,                    )
                                     )
            Petitioner,              )
                                     )
      v.                             )            ORDER
                                     )
MAINE SCHOOL MANAGEMENT              )
ASSOCIATION INSURANCE TRUST, )
                                     )
            Defendant.               )


I.     Background

      This case is brought *pro se* by Plaintiff in order to recover life insurance held by

her husband, Kenneth J. Davison, who died of terminal cancer. She believed that her

husband had life insurance coverage because of a letter he received from an Aetna

Consultant on July 18, 2008, confirming his policy. Shortly after Mr. Davison's passing,

Plaintiff called Aetna and spoke with a representative who confirmed that Mr. Davison

had an "ACTIVE" policy. Since then, Plaintiff has been told that her husband did not

have coverage and that the insurance was not offered for employees in his job. Plaintiff

has been unable to recover from either Aetna or the policyholder. Plaintiff is suing the

policyholder of the group life insurance policy.


II.    Standard of Review

      When a Defendant moves for Summary Judgment, "the plaintiff must establish a

prima facie case for each element of [the] cause of action that is properly challenged in

the defendant's motion." *Flaherty v. Muther*, 2011 ME 32, ¶38, 171 A.3d 640, 652-653.
The burden then shifts to the Defendant to show that there is no genuine issue of material
fact. Summary Judgment is appropriate where no genuine issue of material fact exists and
the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 989
A. 2d 733, 738 (Me. 2010); *Dyer v. Department of Transportation*, 951 A.2d 821, 825
(Me. 2008). When reviewing a Motion for Summary Judgment, the Court reviews the
parties' statements of material facts and the cited record evidence in the light most
favorable to the non-moving party. *Id.*

A genuine issue of material fact exists where the fact finder must make a
determination between differing versions of the truth. *Reliance National Indemnity v.
Knowles Industrial Services Corp.*, 2005 ME 29, ¶7, 868 A.2d 220, 224, citing *Univ. of
Me. Found. V. Fleet Bank of Me.*, 2003 ME 20, ¶20, 817 A.2d 871, 877. Furthermore, "a
fact is material if it could potentially affect the outcome of the case." *Id.*

III. Discussion

In order to move beyond summary judgment Plaintiff must make a showing of
each challenged element of each of her claims that D has challenged. Plaintiff has not
done so. Plaintiff has raised claims of Breach of Implied Duty of Good Faith and Fair
Dealing, Misrepresentation and Reliance by Insured, or Unfair Business Practices,
Negligence, Extra-Contractual Breach of Duty of Good Faith, Tortious Interference with
Contractual Relations. These claims are based on allegations of misrepresentations that
caused Plaintiff and her husband to believe that her husband had insurance coverage.
However, at no point does Plaintiff claim that Defendant made the misrepresentations

that caused her and her husband to believe that he had insurance coverage. Plaintiff has failed to make a showing that Defendant acted in a way that caused Plaintiff's reliance or that Defendant breached a duty towards Plaintiff that caused Plaintiff injury. Therefore, Defendant's Motion for Summary Judgment is Granted.

IV.    Conclusion

Defendant's Motion for Summary Judgment is GRANTED.

DATED:

2/7/13

John O'Neil, Jr.
Justice, Superior Court

PLAINTITT PRO SE:
LINDA E DAVISON
81 BEAVER DAM ROAD
NORTH WATERBORO ME  04061


ATTORNEY FOR DEFENDANT:
MICHAEL BUESCHER
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600
PORTLAND ME 04010